# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD EARL ROULHAC,  :  <br>     Plaintiff     : <br>                         : <br>     v.     : <br>                         : <br> UNITED STATES OF AMERICA, et al., : <br>     Defendants     : | No. 1:18-cv-01806 <br><br> (Judge Kane) |

## MEMORANDUM

Plaintiff Leonard Earl Roulhac ("Plaintiff"), an individual presently confined at United States Penitentiary McCreary, Pine Knot, Kentucky ("USP-McCreary"), filed the instant pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) on September 17, 2018. (Doc. No. 1.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and, for the reasons set forth below, grant Plaintiff's motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

## I. BACKGROUND

In the instant civil rights complaint, Plaintiff names as Defendants: the United States of America; an unknown Doctor at USP-Cannan, Pennsylvania; two unknown specialists at USP-Allenwood, Pennsylvania; and an unknown specialist at USP-McCreary, Kentucky. (Doc. No. 1 at 1, 2.) The sole allegation contained in Plaintiff's complaint is that "each Defendant refused to provide [Plaintiff] with the proper medical treatment and medication [and] they refuse[d] to follow [] the p[re]scribed treatment resulting in the Plaintiff being in a lot[] of pain." (Id. at 4.) Plaintiff alleges a cruel and unusual punishment and deliberate indifference claim pursuant to the

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Eighth Amendment. (Id. at 3.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted. . .").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth

under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be

held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

    **B.    Bivens Claims**

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

**III.    DISCUSSION**

    **A.    Plaintiff's Complaint**

Plaintiff claims that each Defendant "refused to provide" him with "proper medical treatment" and refused to follow a prescribed medical treatment which resulted in Plaintiff allegedly experiencing "a lot[] of pain." (Doc. No. 1 at 4.) Liberally interpreting Plaintiff's pro se pleading, the Court construes the complaint as alleging an Eighth Amendment violation.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant (1) was subjectively deliberately

indifferent to (2) plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. Rouse, 182 F.3d at 197.

While the caption of the complaint only names the United States of America as a Defendant, the body of the complaint lists four unknown individuals from three separate United State Penitentiaries. (Doc. No. 1 at 2.) However, Plaintiff fails to provide any specific factual allegations to support his legal claim of an Eighth Amendment violation against any Defendant. For example, the only allegation in the complaint is that "each Defendant refused" to provide Plaintiff with "proper medical treatment and medication" that resulted in Plaintiff suffering a lot of pain. (Id. at 4.) Under the most liberal construction, Plaintiff's complaint fails to comport with Rule 8 of the Federal Rules of Civil Procedure. It neither sets forth the time of the alleged violations to Plaintiff's rights nor does it provide any specific factual averments explaining the mistreatment that Plaintiff experienced. It also does not identify the particular conduct of each Defendant that harmed Plaintiff. This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 244 F.

App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

Based upon the above legal standards, all of Plaintiff's claims are subject to dismissal because Plaintiff has failed to set forth any factual allegations in the complaint that support them. Without such factual allegations, it is impossible to conclude that Defendants deprived Plaintiff of any constitutional rights entitling him to damages. As such, the present complaint will be dismissed pursuant to Rule 8 as well as 28 U.S.C. § 1915(e)(2)(B)(ii), as Plaintiff fails to state a claim against Defendants upon which relief may be granted.

### B. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Plaintiff will be permitted leave to amend his complaint. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other

document already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 7), will be granted and the complaint will be deemed filed. Plaintiff's complaint (Doc. No. 1), will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be granted thirty (30) days' leave in which to file an amended complaint. Plaintiff's failure to file an amended complaint within the time prescribed above will result in the Clerk of Court closing this action. An appropriate Order follows.